IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cr-122-ECM |
| | ) | [WO] |
| RAYVON BAZEMORE, *et al.* | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court are Defendant Laportia Webster's ("Webster") motion to continue trial (doc. 61) and Defendant Rayvon Bazemore's ("Bazemore") unopposed motion to continue trial (doc. 62) filed on December 16, 2024. Jury selection and trial are presently set on the term of court commencing on January 6, 2025. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays "resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant," *id.* § 3161(h)(1)(A), and delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A).  In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Webster's counsel represents to the Court that he needs additional time to negotiate a potential resolution short of trial, including another criminal case involving Webster which is expected after the first of the year.  Additionally, Bazemore's counsel represents that a continuance is needed because the issue of whether Bazemore is competent to stand trial remains outstanding. *See* 18 U.S.C. § 3161(h)(1)(A).  The Government does not oppose a continuance.  "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendants in a speedy trial.  Accordingly, and for good cause, it is

ORDERED that the motions to continue (docs. 61, 62) are GRANTED, and jury selection and trial are CONTINUED as to all Defendants from January 6, 2025, to the

criminal term of court set to commence on **April 14, 2025, at 10:00 a.m.** in **Montgomery**, Alabama.  All deadlines tied to the trial date are adjusted accordingly.  It is further

ORDERED that the status conference set for December 18, 2024, is CANCELLED.

The United States Magistrate Judge shall conduct a pretrial conference prior to the April trial term.

Done this 16th day of December, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE